FILED
SEP 15 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Grant Anderson,                )
                               )
        Petitioner,             )
                               )
v.                             )    Civil Action No. 11 1672
                               )
United States of America et al.,)
                               )
        Respondents.            )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on petitioner's application for a writ of habeas corpus, accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the petition as untimely filed.

Petitioner is a former District of Columbia prisoner who is no stranger to this circuit and the U.S. Supreme Court. *See In re Anderson*, 511 U.S. 364 (1994) (observing, in denying leave to proceed in forma pauperis on a petitition for an extraordinary writ in habeas, that "[p]etitioner is a prolific filer in this Court."); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000) (observing that plaintiff "has long been recognized as a 'prolific filer' in this and other courts; his complaints were so "profuse and meritless" that in 1995 the district court enjoined him from filing any further complaint without first obtaining leave of court.") (citing *Anderson v. D.C. Public Defender Serv.*, 881 F. Supp. 663, 669-71 (D.D.C. 1995)).[1]

Petitioner is challenging a prison sentence of 18 years to life imposed by the Superior Court of the District of Columbia on October 27, 1988. Pet. at 2. In the instant petition, he

---

[1] Petitioner is known also as Jibril L. Ibrahim. *See Ibrahim v. District of Columbia*, 208 F.3d 1032 (D.C. Cir. 2000) (case caption).

claims that "his first appeal of right attorney rendered [him] ineffective assistance by refusing to stay direct appeal and file a 23-110 motion raising ineffective assistance of trial counsel . . . ." Pet. at 4. Although it appears that petitioner raised or could have raised the foregoing claim in at least one of his many prior actions, *see generally Anderson v. D.C. Public Defender Serv.*, 881 F. Supp. 663, the Court need not dwell on this issue because of the untimeliness of the petition.

In *Williams v. Martinez*, the District of Columbia Circuit determined that D.C. Code § 23-110 does not bar a habeas petition challenging the effectiveness of appellate counsel "because the Superior Court lacks authority to entertain a section 23-110 motion challenging the effectiveness of appellate counsel." 586 F.3d 995, 999 (D.C. Cir. 2009). Thus, "D.C. prisoners who challenge the effectiveness of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get a second bite at the apple in federal court," *id.* at 1000, under "the standard set forth in 28 U.S.C. § 2254." *Id.* at 1002. However, a petition under § 2254 must be filed within one year of: a) the date a judgment becomes final; (b) "the date on which the impediment to filing an application created by State action . . . is removed . . ."; (c) the date on which the Supreme Court recognized a new constitutional right and made it retroactive to cases on collateral review; or (d) the date "on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).

Subsection (b) is the only date that could possibly apply to the instant petition. Assuming that the *Williams* decision removed an impediment to this Court's habeas review of Superior Court judgments when it was finally decided on December 23, 2009 (*reh'g denied*), the petition

submitted on August 26, 2011, is barred by § 2244's one-year limitations period. Therefore, this action will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/ Ellen S Huck
United States District Judge

Date: September 9, 2011